# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 97 C 3464 | **DATE** | 7/10/2000 |
| **CASE TITLE** | Sam Mangialardi vs. U.S.A. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] **ENTER MEMORANDUM OPINION AND ORDER.** The Court grants in part and denies in part the motion of Sam Mangialardi for clarification regarding the issues waived by the Presentence Agreement. Mangialardi is allowed to pursue his § 2255 habeas corpus petition with regard to new evidence discovered after the date of the Presentence Agreement.

(11) x [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| | Notices mailed by judge's staff. | | | |
| ✓ | Notified counsel by telephone. | | JUL 11 2000 date docketed | |
| ✓ | Docketing to mail notices. | | | 29 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| TSA | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

DOCKETED
JUL 11 2000

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SAM MANGIALARDI, | ) |
| | ) |
| Petitioner, | ) No. 97 C 3464 |
| | ) |
| v. | ) Judge Wayne R. Andersen |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM OPINION AND ORDER

This case is before the court on the motion of petitioner Sam Mangialardi to clarify issues waived by the Presentence Agreement. For the reasons stated below, we grant in part and deny in part the motion.

## BACKGROUND

On March 1, 1994, Sam Mangialardi was charged in a 16 count superseding indictment. He was charged with racketeering, aiding and abetting a drug conspiracy, extortion, money laundering, theft of government funds, civil rights conspiracy, filing false tax returns, and witness tampering.

Mangialardi pled not guilty on all counts and received a jury trial. Mangialardi was represented by Alan A. Ackerman and Walter Jones at trial. The jury subsequently found Mangialardi guilty on all counts of the indictment. As a result of the jury's verdict, Mangialardi faced a potential sentence range of 210-360 months imprisonment. Following the filing of post-trial motions prepared by Mr. Ackerman, Mangialardi retained Jeffrey Steinback as defense counsel for the purpose of sentencing and appeal.

29

Prior to sentencing, the government and Mangialardi entered into a Presentence Agreement in which the government agreed to certain sentencing concessions in return for Mangialardi's waiver of certain post-trial rights. As a result of Mr. Steinback's negotiations with the government, Mangialardi's period of incarceration was substantially reduced. A provision in the Presentence Agreement provided that Mangialardi:

> waives all appellate issues that he could raise relating to the validity of his trial and conviction, but reserves the right to appeal the validity of his sentence. The defendant further waives the right to file any motion for new trial (pursuant to Fed.R.Crim.P. 33 or otherwise) or habeas corpus petition (pursuant to 18 U.S.C. § 2255 or otherwise) relating to the discovery of new evidence known to the defendant and/or his attorney as of the date of this agreement.

At the sentencing hearing, the terms of the Presentence Agreement and waiver provision were reviewed with Mangialardi. Mangialardi indicated that he had signed the Presentence Agreement and that it reflected his views. Furthermore, he indicated that he understood the terms of the Presentence Agreement and that he had reviewed it with his attorney. The Court then sentenced Mangialardi to a sentence of 125 months imprisonment on Counts One and Two; 125 months imprisonment on Counts Three, Four and Five; 120 months imprisonment on Counts Six, Seven, Eight and Fifteen; 36 months imprisonment on Counts Ten, Eleven, Twelve and Thirteen. The sentences on Counts Three through Thirteen and Fifteen were to run concurrent to the sentences on Counts One and Two.

In his papers currently before the Court, Mangialardi argues that he should be allowed, notwithstanding the waivers in the Presentence Agreement, to raise claims in his habeas petition based upon new law and new evidence discovered after the Presentence Agreement. Specifically, Mangialardi argues that the waivers do not apply to two specific claims—one based

2

upon a change in the law, United States v. Gaudin, 515 S.Ct. 506 (1995) and another based upon an affidavit he has obtained from Raymond Cooper. Finally, he asserts that the waivers are invalid because they are ambiguous, and he did not enter into them knowingly and voluntarily.

## DISCUSSION

It is well-settled that a defendant may waive his or her right to file an appeal or habeas petition as part of a written plea agreement or Presentence Agreement, and the Seventh Circuit has consistently upheld valid waivers and dismissed the appeals and habeas petitions taken in contravention. United States v. Feichtinger, 105 F.3d 1188 (7th Cir. 1997). For an appeal waiver to be valid, it "must be express and unambiguous." United States v. Hendrickson, 22 F.3d 170, 174 (7th Cir. 1994). Waivers of the right to file an appeal or habeas petition are valid only when the record clearly demonstrates that they were knowingly and voluntarily made. See, e.g., United States v. Williams, 184 F.3d 666, 669 (7th Cir. 1999).

 I. The Language of the Presentence Agreement

Mangialardi first argues that the waiver in the Presentence Agreement is a limited waiver and does not preclude the filing of his § 2255 petition. He also argues that the Presentence Agreement contains ambiguous language. We disagree and find that the language of the waiver is clear and unambiguous.

We believe that the waiver is limited to Mangialardi's right to pursue a direct appeal relating to his trial and conviction, his right to seek a new trial pursuant to Rule 33, and his right to seek habeas relief on evidence known to the defendant and/or his attorney as of the date of the Presentence Agreement. Thus, by the very terms of the Presentence Agreement, Mangialardi is not precluded from seeking § 2255 relief based upon new evidence discovered after the date of

3

the Presentence Agreement. Accordingly, we hold that Mangialardi can seek § 2255 relief based upon evidence he discovered after the date of the Presentence Agreement.

II. Change in the Law

Mangialardi next argues that the waiver provision does not preclude this Court from considering issues stemming from decisions of the United States Supreme Court which changed the law with respect to these issues. Mangialardi claims that the case law supporting his claim was not recognized as precedent on the date of the Presentence Agreement or at trial.

On Counts nine through twelve, false tax return counts, this Court gave the Seventh Circuit pattern instruction and instructed the jury that materiality, as an element of the offense of falsifying federal income tax returns, was a question for the court to decide, not the jury. It is undisputed that at the time of this Court's instruction, it was settled law in the Seventh Circuit that the existence of materiality was a question of law for the court to decide. See United States v. Anderson, 798 F.2d 919, 926 (7th Cir. 1986). However, in United States v. Gaudin, 515 U.S. 506 (1995), the United States Supreme Court held that materiality, as an element of an offense, is a question for the determination of the jury, not the trial court. The Supreme Court established that "a new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases, state or federal, pending on direct review or not yet final." Griffith v. Kentucky, 479 U.S. 314 (1987).

Mangialardi's argument that his waivers do not preclude him from raising a Gaudin-based claim is premised on the incorrect assertion that Gaudin had not been decided at the time he entered into the Presentence Agreement. In fact, Gaudin was decided on June 19, 1995. Mangialardi entered into the Presentence Agreement on July 5, 1995, sixteen days after the

4

Gaudin decision was handed down. Thus, this Court need not decide whether a claim of "new law" might somehow survive Mangialardi's waivers because the Gaudin decision does not qualify as such. This argument for a new trial based upon the failure to instruct the jury as to materiality is one that was available and that was waived when he elected to waive "all appellate issues he could raise relating to the validity of his trial and conviction." Therefore, Mangialardi knew, or should have known, of the Gaudin decision and he expressly waived his arguments relating to that decision by signing the Presentence Agreement. Thus, Mangialardi is not entitled to pursue this argument in his petition for habeas corpus.

III. Raymond Cooper Affidavit

On May 4, 1998, Raymond Cooper signed an affidavit which allegedly contradicts the testimony of government witness Otis Moore relating to Mangialardi's drug convictions. In his affidavit, Cooper states that he worked for Otis Moore from 1987 to 1991 in his drug operations and that he was closely involved in every aspect of the operation. He further states that Otis Moore never paid Mangialardi any money.

Mangialardi claims that Cooper's affidavit provides compelling evidence of his innocence of the two most serious charges against him, the racketeering and aiding and abetting drug conspiracy charges. We believe that Mangialardi should have the opportunity to develop this argument in his habeas petition.

The government argues that this claim is one that relates to the "validity of his trial and conviction" and that Mangialardi has "clearly waived the right to bring such a claim on direct appeal." We disagree. We consider the affidavit of Raymond Cooper to be newly discovered evidence. Cooper was not available as a witness at the time of trial because he had left the

5

Chicago area. Moreover, Cooper's affidavit was not contained in the record and, therefore, could not be relied upon in a direct appeal. Thus, the proper proceeding to introduce this type of evidence is in a § 2255 proceeding.

We find that the affidavit of Raymond Cooper constitutes new evidence which was not known to Mangialardi at the time of the Presentence Agreement and which could possibly form the basis for habeas relief. For these reasons, Mangialardi is allowed to pursue this argument in his petition for habeas corpus.

IV. Knowing Waiver

Finally, Mangialardi claims that he did not enter into the Presentence Agreement knowingly and voluntarily and that he, therefore, did not knowingly waive his rights. We disagree.

In this case, the record is quite clear that Mangialardi made an intelligent and reasoned decision over a lengthy period of time, with the benefit of advice from an experienced, outstanding defense attorney, to enter into the Presentence Agreement. Mangialardi is a literate, educated and intelligent man who was certainly able to comprehend the express waiver language contained in the Presentence Agreement.

At the sentencing hearing, the Court conducted an inquiry concerning Mangialardi's understanding of the Presentence Agreement. The Court allowed counsel to explain the terms of the Presentence Agreement and the waiver provisions. Mangialardi indicated that he had signed the Presentence Agreement and that it reflected his views. Furthermore, he indicated that he understood the terms of the Presentence Agreement and that he had reviewed it with his attorney.

6

Thus, the record clearly demonstrates that the waiver provision of the Presentence Agreement was knowingly and voluntarily entered into by Mangialardi.

Mangialardi cannot escape the waivers he made and cannot "obtain the benefit of the bargain without suffering the detriment." United States v. Williams, 184 F.3d 666, 670 (7th Cir. 1999). He must "take the bitter with the sweet" and live with the deal that he struck. Id. Moreover, it should be noted that the Presentence Agreement afforded Mangialardi a considerably shorter term of imprisonment than he would otherwise have merited. Prior to the Presentence Agreement, Mangialardi was facing a maximum prison term of almost twenty years and, after the Presentence Agreement, he received a prison term of approximately ten years.

In conclusion, we find that the waiver clauses in the Presentence Agreement are valid and unambiguous and that Mangialardi entered into the Presentence Agreement knowingly and voluntarily. The waiver is limited to Mangialardi's right to pursue a direct appeal relating to his trial and conviction, his right to seek a new trial pursuant to Rule 33, and his right to seek habeas relief on evidence known to the defendant and/or his attorney as of the date of the Presentence Agreement. However, we find that Mangialardi is not precluded from seeking § 2255 relief based upon new evidence discovered after the date of the Presentence Agreement, including the Raymond Cooper affidavit.

## CONCLUSION

For the foregoing reasons, we grant in part and deny in part the motion of Sam Mangialardi for clarification regarding the issues waived by the Presentence Agreement.

7

Mangialardi is allowed to pursue his § 2255 habeas corpus petition with regard to new evidence discovered after the date of the Presentence Agreement.

						_____
						Wayne R. Andersen
						United States District Judge

Dated: _____